*1048 OPINION.
Lansdon :
The only issue in this proceeding is whether at the date of its incorporation, the petitioner, in exchange for its stock, acquired good will which it is entitled to include in invested capital during the taxable years, subject to the statutory limitation provided in section 326(a) (4) of the Revenue Acts of 1918 and 1921. If such an asset was acquired at the date of incorporation, it must have been an asset of the individual business of Council, having a separate and demonstrable actual cash value. Insufficient evidence was introduced as to the fact, or the extent of profits of the individual business conducted by Council for years prior to 1905. The record does show, however, that from the date of its incorporation the petitioner was highly successful. It is the theory of the petitioner that a substantial part of the large profits earned subsequent to incorporation should be ascribed to the earning power of good will purchased from the predecessor business. We are unable to agree with this contention on the showing made. It is much more reasonable, on the evidence in this case, to assume that the profits of the petitioner resulted from the elimination of competition in the business of manufacturing and selling turpentine tools and from the combined influence and efforts of Council and his new associates who included all the parties theretofore engaged in the production and marketing of tools used in the production of turpentine.
Reviewed by the Board.

Judgment will be entered for the respondent.